LINET MEGERDOMIAN, ESQ. (SBN 253898)
MEGERDOMIAN LAW OFFICES, P.C.
468 N. Camden Drive, Suite 220
Beverly Hills, CA 90210
Telephone: (877) 734-3095
Fax: (818) 272-8634
Email: lm@megerdomianlaw.com

Attorney for Plaintiff DAVID LUMIQUED

**MUSICK, PEELER & GARRETT LLP**
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
555 South Flower Street, Suite 2900
Telephone: (213) 629-7600
Facsimile (213) 624-1376
Lawrence A. Tabb (SBN 141471)
l.tabb@musickpeeler.com
Ha Eun Cho (SBN 265174)
h.cho@musickpeeler.com

Attorneys for Defendant GENERAL INSURANCE COMPANY OF AMERICA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DAVID LUMIQUED,<br><br>Plaintiff,<br>vs.<br><br>GENERAL INSURANCE COMPANY OF AMERICA, a Massachusetts corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:26-cv-01579-CAS (Ex)<br>*[Assigned to: Judge Christina A. Snyder*]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>~~[PROPOSED~~] Order Filed Concurrently] |

Plaintiff David Lumiqued ("Plaintiff") and Defendant General Insurance Company of America ("Defendant") (collectively, the "Parties") hereby enter into

this Stipulated Protective Order as follows:

## I. PURPOSES AND LIMITATIONS

A. Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

A. Through the course of informal disclosure and formal discovery in this Action, the Parties are likely to exchange information and material from one another, as well as potentially from other third-parties, that is confidential, proprietary, and/or private for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Such confidential and proprietary information and material consist of, among other things, proprietary business materials, non-public financial records, information implicating privacy rights of third parties, claim file materials, expert work product, attorney invoices, confidential appraisal materials, tenants' documents, and other information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of

information between the Parties, to facilitate the prompt resolution of disputes over confidentiality of disclosure and discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this Action. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III. DEFINITIONS

A. Action: This pending federal lawsuit, captioned *David Lumiqued v. General Insurance Company of America*, *et al.*, Case No. 2:26-cv-01579-CAS (Ex).

B. Challenging Party(ies): A Party or Non-Party that challenges the designation of information or items under this Order.

C. "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D. Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

E. Designating Party(ies): A Party or Non-Party that designates information or items that it produces in informal disclosures, depositions, or responses to discovery as "CONFIDENTIAL."

F. Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced,

provided, or generated in informal disclosures, depositions, or responses to discovery in this matter.

G. Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, whether or not retained to testify in this Action.

H. House Counsel: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I. Non-Party(ies): Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

J. Outside Counsel of Record: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

K. Party(ies): Any Party to this Action, including all of its officers, directors, employees (including House Counsel), consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L. Producing Party(ies): A Party or Non-Party that produces or provides Disclosure or Discovery Material in this Action.

M. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N. Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O. Receiving Party(ies): A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV. SCOPE**

A. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and, (2) any information known to the Receiving Party after disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

B. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**V. DURATION**

A. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI. DESIGNATING PROTECTED MATERIAL**

A. Exercise of Restraint and Care in Designating Material for Protection

1. Each Party or Non-Party that designates information or items for

protection under this Order must take care and act in good faith to limit any such designation to specific Disclosure or Discovery Materials that qualifies as entitled to confidential treatment under the appropriate standards, including trade secrets or confidential business or financial information. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B. Manner and Timing of Designations

1. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed, produced, or provided.

2. Designation in conformity with this Order requires the following:

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b. For testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

c. For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C. Inadvertent Failure to Designate

1. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery by a Producing Party after production of Disclosure or Discovery Material that confidential information was produced without an appropriate designation, including in a deposition transcript, the Producing Party shall notify the Receiving Parties of that error and shall identify the specific portion or portions of the Disclosure or Discovery Material that should be designated as CONFIDENTIAL. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material so designated is treated in accordance with the provisions of this Order.

**VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A. Timing of Challenges

1. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. Meet and Confer

1. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A. Basic Principles

1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Disclosure of "CONFIDENTIAL" Information or Items

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b. The officers, directors, partners, members, employees (including House Counsel), claims administrators, and agents of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement To Be Bound," attached hereto as Exhibit A;

d. Representatives of insurers or other entities providing insurance or liability coverage related to this matter, and their reinsurers and auditors;

e. The Court and its personnel;

f. Court reporters and their staff;

g. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A);

h. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

i. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and

Agreement To Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement To Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

j. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and,

k. The Parties to this Action.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the

Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this Court within twenty-one (21) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that

is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

A. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (4) request such person or persons to execute the "Acknowledgment and Agreement To Be Bound" (Exhibit A), and (5) reasonably cooperate with the Designating Party in efforts to recover or protect the Protected Material.

**XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated

Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

A. Right to Further Relief

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B. Right to Assert Other Objections

1. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. Filing Protected Material

1. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV. FINAL DISPOSITION

A. Within sixty (60) days after the final disposition of this Action, as defined in Section V, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 13, 2026 **MEGERDOMIAN LAW OFFICES, P.C.**

*/s/ Linet Megerdomian*

Linet Megerdomian, Esq.
Attorney for Plaintiff

Dated: November 13, 2026 **MUSICK, PEELER & GARRETT LLP**

*/s/ Ha Eun Cho*

Lawrence A. Tabb, Esq.
Ha Eun Cho, Esq.
Attorneys for Defendant

**FILER ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 13, 2026 */s/ Ha Eun Cho*

Ha Eun Cho

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ________________________ [print or type full name], of _____________ __________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issue by the United States District Court for the Central District of California on [DATE] in the case of *David Lumiqued v. General Insurance Company of America*, Case No. 2:26-cv-01579-CAS-Ex. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint _____________________ [print or type full name] of _____________________ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____________________

City and State where sworn and signed: _________________________

Printed Name: ________________________

Signature: _______________________

## ORDER

**GOOD CAUSE SHOWN,** the Court hereby approves the parties' Stipulated Protective Order.

Dated: 11/13/2026

HONORABLE CHARLES F. EICK
United States Magistrate Judge